NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7101

RICHARD C. LANCASTER,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Richard C. Lancaster, of Newton, Mississippi, pro se.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director. Of counsel on the brief were Ethan G. Kalett, Supervising Attorney, and Tracey P. Warren, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7101

RICHARD C. LANCASTER,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-1956, Judge Ronald M. Holdaway.

———————————————

DECIDED: September 5, 2008

———————————————

Before MICHEL, <u>Chief Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and Walker, <u>Chief District Judge</u>.<sup>*</sup>

PER CURIAM.

The appellant Richard C. Lancaster, a pro se veteran, challenges the United States Court of Appeals for Veterans Claims ("Veterans Court")'s, affirmance of the Board of Veterans Appeals ("Board")'s finding that there was not clear and unmistakable error in a December 1992 rating decision denying his claim for a left elbow disability. We <u>affirm</u>.

---

<sup>*</sup> Honorable Vaughn R. Walker, Chief Judge, United States District Court for the Northern District of California, sitting by designation.

I

While Lancaster was on active duty, a 1975 medical report indicated he had sustained abrasions on his left elbow. After his release from service, in 1988 he filed a claim with the Veterans Administration for a left elbow disability. In December 1992 the Administration's regional office denied that claim. Lancaster did not appeal that decision, which became final.

In 2001, he filed with the regional office a claim that the 1992 decision contained clear and unmistakable error. If that claim were sustained, it would terminate the finality of the regional office's 1992 decision. The regional office denied that claim, however; the Board affirmed; and the Veterans Court affirmed the Board.

The Veterans Court held that "the correct facts, as they were known, were before the R[egional] O[ffice]; the R[egional] O[ffice] applied the applicable statutory provisions existing at the time; and, but for any alleged error, the outcome would not have been different." The Veterans Court also stated that a clear-and-unmistakable-error claim could not be based upon the regional office's failure to perform its duty to assist the veteran in presenting his case or the contention that the regional office improperly weighed the evidence. The Veterans Court concluded that the Board's decision denying Lancaster's clear-and-unmistakable-error claim was not "arbitrary, capricious, an abuse of discretion, or otherwise contrary to law."

Under the governing statute, this court has only limited jurisdiction in reviewing a decision of the Veterans Court. "Except to the extent that an appeal . . . presents a constitutional question," this court "may not review (A) a challenge to a factual

2008-7101                                    2

determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(c).

Lancaster's principal contention–that he demonstrated clear and unmistakable error in the regional office's initial denial of his claim for a left elbow disability–rests primarily on his challenge to the regional office's evaluation of the evidence upon which it based its decision. Unfortunately for Lancaster, we have no jurisdiction to review that challenge.

Although Lancaster also alleges generally that he was denied due process, he makes no attempt to explain the theory on which he bases that claim. Describing the rejection of factual allegations as violating due process is insufficient to invoke the constitutional exception to the statutory prohibition on our reviewing a factual question. See Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). "[T]he mere recitation of a basis for jurisdiction by either party or a court, is not controlling; we must look to the true nature of the action." Livingston v. Derwinski, 959 F.2d 224, 225 (Fed. Cir. 1992).

Lancaster makes two statutory contentions. First, he argues that he was "never afforded protection under [38 U.S.C. § 1131]." That provision outlines the basic entitlement to disability benefits for veterans who served during times of peace. That contention is but a reiteration of his factual contention of disability in different dress.

Second, he argues that the "VA refuses to accept [38 U.S.C. § 5107] with regard to this claim as required by law." That provision indicates that claimants must demonstrate an entitlement to benefits, and when the evidence is in equipoise, the Secretary must give the benefit of the doubt to the claimant. The evidence regarding Lancaster's disability was not in equipoise, however, so that provision is inapplicable.

We have considered all of Lancaster's other contentions, but deem them unpersuasive.

The decision of the Veterans Court affirming the Board decision denying reopening of Lancaster's left elbow disability claim because he failed to establish clear and unmistakable error is

<u>AFFIRMED</u>.
